UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARIUS MITCHELL, *et al.*, | ) | CASE NO. 5:16 CV 288 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STEVE BARRY, *et al.*, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Introduction**

*Pro se* Plaintiffs Darius Mitchell, Ira Knox III, and Jeremy Gerald, who allege they are detainees confined in the Summit County Jail, have filed this civil rights action under 42 U.S.C. §1983 seeking damages and injunctive relief against Summit County Sheriff Steve Barry and Sergeant Tackett at the Summit County Jail.

Plaintiff Gerald has also filed an "emergency motion" for injunctive relief. (Doc. No. 4.)

For the reasons stated below, the Plaintiffs' action is dismissed in accordance with 28 U.S.C. §1915A and Plaintiff Gerald's motion for emergency injunctive relief is denied.

**Allegations**

The Plaintiffs' complaint consists of a list of grievances, expressed in a stream-of-consciousness format with a paucity of factual development, regarding their treatment and conditions of confinement in the Summit County Jail. The Plaintiffs complain that: (1) "Plaintiff

Mitchell did not get a fair or reasonable bail set since SCJ's pretrial [department] did not forward their recommendation to the court to review for bail purposes"; (2) Sergeant Tackett "made no effort to contact the local hospital" after Plaintiff "Darius" informed him that he received bad news regarding his infant daughter and refused to allow Darius to make an emergency phone call; (3) residents in the Jail were subjected to "improper ventilation and climate control from November 22, 2105 to at least January 29, 2016"; (4) No Islamic services or location to assemble and study are provided to "Muslims or those interested in Islam" and "no religious diet exists"; (5) Jail residents are provided less than 2000 calories of food per day and "are not treated equally as those similarly situated in [the] Ohio State Prison System" in terms of food options; (6) Jail detainees are deprived of sufficient recreation spaces and (7) of "sufficient legal research capability"; (8) Plaintiff Gerald and other detainees have been subjected to force and disciplinary confinement without notice of rules violations, and are not afforded hearings or an appeal process; and (9) indigent inmates are only provided four envelopes and eight sheets of paper every other week which is not sufficient to maintain "communication of legal matters."

The Plaintiffs do not allege any specific constitutional right or provision they claim was violated in connection with any of their grievances, but they seek to have all of conditions of which they complain improved or corrected in addition to an award of $3 million in compensatory damages from the Defendants in this case.

**Standard of Review**

Although *pro se* pleadings generally are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* plaintiffs are "not

2

automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Federal district courts are required under 28 U.S.C. §1915A to screen and dismiss before service any complaint in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Furthermore, the Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did . . . ").

**Analysis**

The Plaintiffs' complaint must be dismissed pursuant to 28 U.S.C. §1915A because it fails to allege facts that would allow the Court to draw a reasonable inference that either Sergeant Tackett or Sheriff Barry are liable to them under §1983, even assuming the Plaintiffs complaint could be construed as alleging a viable constitutional conditions-of-confinement claim or claims.[1]

First, the only allegedly wrongful conduct that can be discerned from the Plaintiffs' complaint that is attributable to Sergeant Tackett is that he refused to call the local hospital to "determine the details" of an emergency situation Plaintiff Darius informed him about regarding his infant daughter and refused to allow Darius to make an emergency phone call. These allegations, however, even if they are true, are simply insufficient to suggest that Sergeant Tackett deprived Plaintiff Darius of any right secured by the Constitution or laws of the United States. *See, e.g., Harrill v. Blount Cty., Tennessee*, 55 F.3d 1123 (6th Cir. 1995) (law enforcement officer did not violate arrestee's constitutional rights by refusing to allow her to make a phone call to her father after her arrest). Accordingly, the Plaintiffs' complaint fails to allege any cognizable constitutional claim and must be dismissed as against Sergeant Tackett.

Second, the Plaintiffs have failed to allege any plausible §1983 claim against Sheriff Barry. It is well-established that liability under §1983 may not be imposed on a supervisory official solely on the basis of *respondeat superior*. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Rather, proof of personal involvement is required to impose personal liability on a supervisory official. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized,

---

[1] To state a claim under §1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000).

4

approved or knowingly acquiesced in the unconstitutional conduct of [an] offending subordinate." *Id.*, citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

The Plaintiffs do not allege that Sheriff Barry was personally involved in any of the conduct of which they complain. The only allegations they set forth in their complaint regarding Sheriff Barry are their purely conclusory allegations that he "is aware of all of the [conditions the plaintiffs allege in their complaint] and due to his negligence and misappropriation of funds these conditions exist." These conclusory allegations, however, are insufficient to support a plausible claim of supervisory liability under §1983. The allegations do not support a plausible inference that Barry was personally involved in any of the misconduct the Plaintiffs allege, or that he "authorized, approved, or knowingly acquiesced" in unconstitutional conduct of any subordinate. Accordingly, the Plaintiffs have not alleged a cognizable claim against Barry under §1983. Furthermore, to the extent the Plaintiffs' suit could be construed as alleged against Sheriff Barry in his official capacity, the Plaintiffs are required to allege and prove that an unconstitutional policy or custom of the County was the moving force behind alleged constitutional violations. *See, e.g, Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005). The Plaintiffs have failed to set forth allegations in their complaint sufficient to support a plausible inference that an unconstitutional custom or policy was the moving force behind the wrongful conduct they allege.

In sum, the Court finds the Plaintiffs' complaint fails to allege any plausible §1983 claim on which relief may be granted against the Defendants in the case.

The Plaintiff Gerald's motion for emergency injunctive relief is also denied. Whether to issue a preliminary injunction is committed to the sound discretion of the district court and is based on the court's consideration of (1) whether the movant has a strong likelihood of success on the

5

merits; (2) whether the movant would suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Plaintiff Gerald seeks emergency injunctive relief here on the basis of the claims he contends the Plaintiffs assert in the case regarding "access to the courts," "calories of food served," and the "disciplinary process" in the Summit County Jail. However, because the Court has determined that the Plaintiffs have failed to allege a cognizable claim in the case, the Court does not find that the relevant factors weigh in favor of injunctive relief.

## Conclusion

Accordingly, for all of the reasons stated above, the Plaintiffs' complaint is dismissed pursuant to 28 U.S.C. §1915A, and Plaintiff Gerald's motion for emergency injunctive relief is denied. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: <u>March 29, 2016</u>              */s/ John R. Adams*
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE